PATRICK BRADLEY *vs.* ABBIE M. WILSON.

*Deed—construction of.  Boundary.  Parol evidence.*

If a deed of real estate describes one of the lines as ending at a point on one
side of a street " opposite " a point on the other side, a straight line between
the two points must cross the street at a right angle ; and parol evidence is
not admissible to show that a line ending at a different point was intended.

ON REPORT.

WRIT OF ENTRY for a triangular lot of land in Bangor, on the
west side of Essex street, as delineated on the chalk.

The only question in the case was the true line of division be-
tween the parties arising under the construction of the deeds.  The
defendant's deed bounds his land on the south by the plaintiff's
land, as conveyed to him by Fellows & Laughton.

The plaintiff claimed under a deed from Fellows & Laughton,
dated March 13, 1868.

The defendant claimed under a deed from the same grantors to
one Merrill, dated April 28, 1862, and a deed from Merrill to her,
dated April 1, 1864.

The plaintiff's deed describes his northerly line (the line in ques-
tion) as running from the acknowledged corner bound of another
lot " S. 69° 10′ E., about 59½ rods to a point in the westerly line
of said street, opposite the north-west corner of said Bradley's land,
being lot C., lying on the easterly side of said street."

The course of Essex street is N. 12° 12′ W.

The plaintiff's line as claimed is S. 70° 20′ E.

The defendant's line as claimed is S. 67° 35′ E.

A straight line drawn from the acknowledged corner to the east
side of the street to the north-west corner of said Bradley's lot C.,
will give the demanded premises to the plaintiff.

A straight line drawn from the acknowledged corner to a point
in the westerly line of said street, directly across the street at a

Bradley *v.* Wilson.

right angle with the line of the street from the north-west corner of Bradley's lot C., will give the demanded premises to the defendant.

The court to render judgment on nonsuit or default, according to the legal rights of the parties, except as follows :

The plaintiff offered to prove by parol evidence that just prior to his deed to the plaintiff, the parties to his deed had the line in question run by a surveyor, and the deed was afterward written from his minutes of description, the line run being that claimed by the plaintiff, and the deed being written with the intention of describing that line. The defendant objected to the testimony. If the offered testimony was legally admissible, and in the opinion of the court affected the merits of the case as otherwise existing, then the case to stand for trial.

*J. A. Peters & F. A. Wilson*, for the plaintiff.

The points respectively claimed are both opposite the corner of C.,—the one at a right angle with the street, and the other at an angle slightly varying from a right angle.

The course accords with the plaintiff's claim more nearly than with the defendant's.

The objective point was the corner of C. The plaintiff owned lot C., on the east side of the street. There being no monument on the line short of the corner of C., the language " to a point opposite C." was merely descriptive of that corner. The parties designed to run in the most direct line from the monument left to the corner of C. ; but going for it in a " bee-line," they found themselves opposed by the street, and supposing they could not put their monument on the other side, stopped at the point where the direct line would leave them on the opposite side.

By operation of the deeds, the plaintiff owned the street subject to the public easement. If there had been no street, the bound in the deed would have been made to strike the plaintiff's land at corner C., otherwise, as now, it would require two courses.

The plaintiff's land, taking it on both sides with the right to the street, has an angle or jog in it, if the defendant's theory be sound.

The words, "point . . . opposite," are not so much to control the direction of the line as to indicate that the line between the point of departure and corner will terminate on that side of the way.

The intention of the parties may be clearly deduced from their previous and contemporaneous conduct. They surveyed the line between the two points, wrote it out, and inserted it in the deed. *Stone* v. *Clark*, 1 Met. 378.

*A. W. Paine*, for the defendant.

WALTON, J. The word opposite, as defined in the dictionaries, means over against, standing in front, or facing. If an object on one side of a street is opposite an object on the other, a straight line running from one of the objects to the other will cross the street at a right angle. If a straight line, extending from one of the objects to the other, does not cross the street at a right angle, then the two objects, with reference to the street, could not be said to be opposite each other. Of two houses standing on opposite sides of a street, could it be said that they were opposite, if one was further up or further down the street than the other? If a laborer should be told to plant a tree on one side of a road opposite to a tree on the other side, would there be any ambiguity in the direction? Could there be any doubt as to where he would place it? Would not a line between the two cross the road at a right angle? Undoubtedly.

So in a conveyance of real estate. If one of the lines is described as ending at a point on one side of a street opposite a point on the other side, we think there can be no doubt that a straight line between the two points must cross the street at a right angle. And such a description is too plain and too free from doubt to be controlled or affected by parol evidence.

This conclusion is decisive of the case now before us. The line in dispute is described as running from an acknowledged corner to a point in the westerly line of a street opposite the north-east corner of a lot on the easterly side of the street. And it is agreed, that if

a straight line between the two points named is to cross the street at right angles, then the tenant is entitled to judgment, unless parol evidence is admissible to control the description in the deed, in which case the action is to stand for trial. Our conclusion is, that the line referred to must cross the street at right angles, and that the description in the deed cannot be controlled by parol evidence.

*Judgment for the defendant.*

APPLETON, C. J.; DICKERSON, BARROWS, and DANFORTH, JJ., concurred.